No. 1,718.—IN RE SUTTON; STATE EX REL SUTTON, PETITIONER, *v.* DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT ET AL., DEFENDANTS.

| 26 | 557 |
| Case 2 | |
| 27 | 129 |

| 26 | 557 |
| Case 2 | |
| 38 | 208 |

*Habeas corpus. Certiorari.*

Decided March 13, 1902.

Application of Wakeman Sutton for writ of *habeas corpus* and for writ of *certiorari* in aid thereof to the district court of the Second judicial district and William Clancy, Judge. Judgment of contempt set aside, and petitioner discharged.

PER CURIAM.—This cause having been heretofore argued and by the court taken under advisement, now, upon consideration, the court, being advised in the premises, doth find that the judgment in contempt of the district court of Silver Bow county, Montana, rendered on the 3d day of September, 1901, and entered on the 4th day of September, 1901, was and is, in so far as it declares the petitioner, Sutton, guilty of contempt, wholly unauthorized and void, for the reason that the evidence adduced on the hearing of the supposed contempt charged to have been committed by the petitioner, Sutton, and brought before this court by the writ of *certiorari* in aid of the writ of *habeas corpus,* does not show or tend to prove him guilty thereof, and that no legal cause is shown for the imprisonment of said Sutton or for the said judgment of contempt against him or for any part thereof. It is therefore ordered and adjudged that the said judgment of contempt be, and the same is hereby, annulled as to the said petitioner, Sutton, and that he be discharged from the custody of the sheriff or Silevr Bow county, aforesaid, and that his bail be exonerated.

The court is of the opinion that the order, of which the following is a copy: "It is further ordered that the said defendants, their agents, servants, and employes, shall not do any further work in that certain drift known as a drift from the new shaft or the Robinson upraise, and that they shall immediately securely timber the same,"—which is included in the said judgment for contempt, and which was imposed as a penalty or punishment for the supposed contempt, is utterly null and void, for the reason that it attempts to denounce a penalty for contempt not warranted by Section 2179, Code of Criminal Procedure, or by any other law.

THE CHIEF JUSTICE concurs. He is further of the opinion

that the order is before the court for review under the writ of *certiorari*, and that it should be annulled entirely.

March 18, 1902.

PER CURIAM.—Upon further consideration, and of its own motion, the court does hereby vacate and set aside its judgment in said cause made and entered on the 13th day of March, 1902, annulling the judgment in contempt as to the petitioner Sutton, ordering his release and exonerating his bail, for the reason and upon the ground that the district court of the Second judicial district of the state of Montana in and for the county of Silver Bow, having jurisdiction of the subject-matter and of the person and to make the judgment and order sought to be reviewed on *habeas corpus* aided by *certiorari*, the supreme court may not, in this proceeding, determine whether the evidence adduced and certified to in the return on *certiorari* tended to prove the contempt charged or tended to support the finding or judgment and order, declaring the petitioner Sutton guilty of contempt.

It is therefore ordered that the writs of *habeas corpus* and *certiorari* heretofore issued herein be and the same are hereby quashed, and the proceeding be and the same is hereby dismissed, with leave to the petitioner Sutton to apply to the supreme court, within twenty days hereafter, for a writ of supervisory control in the matter of such supposed contempt.

*Mr. F. T. McBride, Mr. Robert McBride,* and *Mr. E. N. Harwood,* for Petitioner.

(For opinion on application for writ of supervisory control, see 27 Mont. p. —, 69 Pac. 988.)