BEAVERHEAD CANAL COMPANY, APPELLANT, *v.* DILLON ELECTRIC LIGHT & POWER COMPANY ET AL., DE-FENDANTS.   JOHN B. SMITH, RESPONDENT.

(No. 2,240.)

(Submitted April 4, 1906.   Decided April 21, 1906.)

*Water Rights—Spring and Seepage Waters—Implied Findings—Presumptions—Increase of Supply by Artificial Means.*

Trial—Implied Findings—When Proper.
    1.   Where the district court fails to specifically find upon an issue, raised by an allegation in the answer and a denial thereof in the reply, a finding in consonance with the allegation in the answer will be im-

plied unless such implied finding is inconsistent with any express finding of the court.

Water Rights—Spring and Seepage Waters—Implied and Inconsistent Findings.

2. Where, in a suit to determine water rights, the court expressly found that certain spring and seepage water had its rise in the bed of a creek the waters of which flowed into a river to which it was a tributary, and that the creek water flowed into such river at all times above the head of a certain ditch, a finding that such spring or seepage water would not, if permitted to flow uninterruptedly, reach the head of said ditch, would be inconsistent with the other findings, and may, therefore, not be implied.

Water Rights—Increase by Artificial Means—Presumptions.

3. Where, in a water right suit it did not appear that certain spring or seepage water having its rise in the bed of a creek, was so made to rise by artificial means, and in the absence of a finding to that effect, the presumption will obtain that such water forms a part of the natural supply of the creek.

Water Rights—Increase of Supply—Spring and Seepage Water.

4. The prior appropriator of a particular quantity of water from a stream is entitled to the use of that water or so much thereof as naturally flows in the stream and its tributaries above the head of his ditch, unimpaired and unaffected by any subsequent change wrought by nature, such as spring or seepage water rising in the bed of the stream, extraordinary rain or snowfall and the like.

Water Rights—Increase by Artificial Means—Rights of Prior and Subsequent Appropriators.

5. *Obiter:* A person who by his own exertions and by artificial means increases the flow of water in a stream, has the first right to such increased supply, and as against him a prior appropriator of water on the stream may not claim any interest in the additional water so caused to flow.

Water Rights—Spring and Seepage Waters—Rights of Senior and Junior Appropriators.

6. Where certain spring and seepage waters come to the surface in the bed of a creek, tributary to a river from which a prior appropriation has been made, and during the irrigating season the creek runs dry below the springs and before it reaches the river, the prior appropriator cannot complain if the waters so having their rise in the bed of the creek and which would otherwise be lost, be used by a subsequent appropriator.

*Appeal from District Court, Beaverhead County; Lew L. Callaway, Judge.*

Action by Beaverhead Canal Company against the Dillon Electric Light and Power Company and others. From a judgment in favor of plaintiff for less than the relief demanded, it appeals. Modified and affirmed.

*Messrs. Word & Word,* and *Mr. W. S. Barbour,* for Respondent.

*Mr. Robert B. Smith,* for Appellant.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to have determined the relative rights of the parties to the use of the waters of Beaverhead river and its tributaries. The appellant was plaintiff in the court below. The appeal is from that portion of the decree which awards to John B. Smith, who was one of the defendants, the prior right to the use of two hundred and fifty inches of water.

Appellant is satisfied with the findings of fact returned by the trial court, but the contention is made in this court that the trial court erred in its conclusion of law No. 3, and in entering its decree in accordance with such conclusion. The court found that the plaintiff appropriated four thousand two hundred and fifty-four inches of the waters of Beaverhead river in August, 1883. Findings No. 4 and 5 are as follows:

"(4) That Rattlesnake creek is, and was, at all times herein mentioned a tributary of Beaverhead river, and that the waters thereof flow into the Beaverhead river at all times above the head of plaintiff's canal; but this finding does not imply that the plaintiff is entitled to the spring or seepage waters rising in the channel of Rattlesnake creek, hereinafter mentioned.

"(5) That beginning with the year 1890, certain seepage or spring waters began to rise in Rattlesnake creek, and have continued to increase from year to year; that during the month of May, 1897, Cox and Pyle, the predecessors in interest of John B. Smith, built a dam across Rattlesnake creek, and by means of said dam and ditch constructed from said Rattlesnake creek, known as and called the 'Cox and Pyle Ditch,' diverted from said creek certain springs and seepage waters arising in the bed of said creek on the Perkins and McLaughlin ranches, to the amount of two hundred and fifty inches, and thereby ap-

propriated the same; and the said defendant and his said predecessors have ever since said date made a beneficial use thereof.''

The foregoing are all the findings made by the court which affect the rights of either of the parties to this appeal, and from these findings the court drew its conclusions of law Nos. 1 and 3 as follows:

'' (1) That the plaintiff is the owner, and entitled to the prior use of four thousand two hundred and fifty-four statutory inches of the waters of Beaverhead river for irrigation, and other useful purposes, as of date August 15, 1883.''

'' (3) That John B. Smith is now, and he and his grantors and predecessors in interest have been since May, 1897, the owner and owners of, and entitled to the prior use of, two hundred and fifty statutory inches, or six and one-quarter cubic feet, of the waters of certain spring or seepage waters arising in the bed of Rattlesnake creek on the Perkins and McLaughlin ranches, taken thereout and appropriated by means of his certain ditch, known as and called the 'Cox and Pyle Ditch,' tapping said creek, and leading to and upon his lands in the county of Beaverhead and state of Montana, mentioned in his answer on file herein.''

In the answer of the defendant Smith it is alleged that the spring or seepage water appropriated by his predecessors in 1897 would not, if permitted to flow uninterruptedly, reach the head of plaintiff's ditch. This allegation is denied in the reply. As the court did not specifically make any finding upon the issue thus raised, it is urged by counsel for respondent that a finding in consonance with the allegation in the answer will be implied, and this is true provided such implied finding is not inconsistent with any express finding of the court. But we are not able to reconcile such an implied finding with findings No. 4 and 5 above.

If the spring or seepage water, the prior right to the use of which defendant Smith makes claim, rises in Rattlesnake creek (finding No. 5), and Rattlesnake creek is a tributary of Beaverhead river, and the waters of Rattlesnake creek ''flow into the

Beaverhead river at all .times above the head of plaintiff's canal'' (finding No. 4), it would be an impossibility to determine that the particular water in Rattlesnake creek which is designated as spring or seepage water would not flow down Rattlesnake creek to the head of plaintiff's canal if permitted to flow without interruption by some artificial means, just as the remaining portion of the water in such creek is determined by the court to do.   Therefore .we cannot presume that the trial court found in accordance with that theory; but, on the contrary, findings 4 and 5 above are not consistent with any other theory than that the spring or seepage water is a part of the water of Rattlesnake creek which flows ''into Beaverhead river at all times above the head of plaintiff's canal.''   Accepting this latter theory as the only one which the trial court could have acted upon, if finding No. 4 is in accordance with the facts as shown by the evidence, and we must presume that it is, as no one is finding fault with it, and the evidence is not before us, then the court's conclusion of law No. 3 above is erroneous and directly contradictory of conclusion No. 1 above, and the decree is not supported by the findings.

Conclusion No. 1 awards to the plaintiff the prior right to the use of four thousand two hundred and fifty-four inches of water, and conclusion No. 3 awards to defendant Smith the prior right to the use of two hundred and fifty inches.   We must assume that the trial court proceeded upon the theory that as this spring or seepage water did not appear, as such at least, in Rattlesnake creek until several years after plaintiff made its appropriation, such spring or seepage water, although it formed a part of the waters of Rattlesnake creek after 1890, and, if unmolestèd, would flow into Beaverhead river above the head of plaintiff's canal, was nevertheless unaffected by plaintiff's appropriation and open and subject to appropriation by the predecessors of defendant Smith in 1897, and contention is made for this theory by counsel for respondent in their brief. They say: ''The rights of appellant were and are limited to the natural condition of Beaverhead river and its tributaries at the

time its appropriation was made, and cannot now be extended so as to include the spring waters in question,'' and Farnham on Waters and Water Rights, section 672d, is cited in support of their contention. The language of the author, however, we think is not susceptible of the construction given it. It is true this language is used: ''The rights of the appropriator are limited to the natural condition of the stream at the time the appropriation is made.'' But the word ''natural'' is used here in contradistinction to ''artificial.'' When read with the context we think the author's meaning is made plain. He says: ''When an appropriation is made of the water of a stream, the rights of the appropriator are limited to the natural condition of the stream at the time the appropriation is made, and he has no interest in improvements subsequently made which increase the supply of water flowing in it. Therefore, if by his own exertions another increases the available supply of water in the stream, he has a right to appropriate and use it to the extent of the increase. This rule does not apply to mere removal of obstructions or hastening of flow, so that the actual amount of water which passes along the stream is not increased, but only to cases in which a supply of water is added to the stream which would not otherwise have flowed there.''

This increased supply of water to which reference is made is that occasioned by artificial means. That this is the author's meaning is made manifest by the reference in support of the text (*Paige* v. *Rocky Ford Canal etc. Co.,* 83 Cal. 84, 21 Pac. 1102), and when thus understood, the language of the text first quoted above is made plain, viz., that if defendant Smith by his own exertions had increased the supply of water in Rattlesnake creek, he would have the prior right to such increased supply, and, of course, as against him the plaintiff would not have any interest in such water so caused to flow there by artificial means. There is not anything to indicate that this spring or seepage water is caused to rise in Rattlesnake creek by artificial means, and in the absence of a finding to that effect the

presumption is that such waters form a part of the natural supply of such creek.

It is common knowledge that springs form the source of many of these mountain streams, and to hold to the doctrine for which contention is made by respondent would impose upon the prior appropriator the burden of constantly watching the source of his water supply, and in fact make his water right the most unreliable and hazardous species of property imaginable; for, if that doctrine should prevail and the particular springs which gave rise to the stream from which his water supply was obtained should cease to flow, and other springs furnishing a like amount of water should commence to flow into and feed the same stream above the head of his canal, a subsequent appropriator could deprive him of his prior right, merely because in the course of nature water which had formerly come to the surface in one spring had afterward found a new outlet. We are satisfied that such a result was never contemplated.

The prior appropriator of a particular quantity of water from a stream is entitled to the use of that water, or so much thereof as naturally flows in the stream, unimpaired and unaffected by any subsequent changes which, in the course of nature, may have been wrought. To the extent of his appropriation his supply will be measured by the waters naturally flowing in the stream and its tributaries above the head of his ditch, whether those waters be furnished by the usual rains or snows, by extraordinary rain or snowfall, or by springs or seepage which directly contribute.

Of course, the court's finding that the waters of Rattlesnake creek flow into Beaverhead river at all times above the head of plaintiff's canal does not establish the fact that they will continue to do so during the irrigation season of every year hereafter; and if it should occur that Rattlesnake creek becomes dry below these springs and above the head of plaintiff's canal, at such times plaintiff could not complain if defendant Smith uses these waters which otherwise would be lost. (*Raymond* v. *Wimsette*, 12 Mont. 551, 33 Am. St. Rep. 604, 31 Pac. 537.)

The cause is remanded to the district court with directions to modify the decree by striking from the conclusion of law No. 3, copied in the decree, and from paragraph No. 3 of the decretal portion of the decree the word "prior," wherever it occurs in said conclusion of law or paragraph, and by striking out the last sentence in said paragraph No. 3, to wit: "The plaintiff has no right in said spring or seepage waters equal to those of the defendant Smith therein," and inserting in lieu thereof the following: "The right of the plaintiff is prior and superior to that of the defendant John B. Smith, as determined by the dates of their respective appropriations"; and, as so modified, the decree will be affirmed.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.