STATE ex rel. PEW, Relator, *v.* DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT et al., Respondents.

(No. 2,306.)

(Submitted May 5, 1906.  Decided May 14, 1906.)

*Certiorari—Water Rights—Injunction—District Courts—Jurisdiction—Due Process of Law—Contempt.*

Water Rights—District Courts—Contempt.

1.  The proper way for a district court to enforce its order theretofore made adjusting water rights between claimants entitled thereto is by contempt proceedings, upon the filing of an affidavit showing a disregard of the order.

*Certiorari*—Water Rights—Injunction—District Courts—Jurisdiction—Due Process of Law.

2.  *Held,* on *certiorari,* that the district court exceeded its jurisdiction in making an order, in a summary proceeding and with notice of less than twenty-four hours, which to all intents and purposes enjoined a person from interfering with certain water rights theretofore adjusted between various claimants in an action to which the person so enjoined was not a party; that, if a trespasser, injunction against him could only be had after a hearing in a regular action; and that the adjudication of his rights as made by the order was without due process of law.

Original.  *Certiorari* by the state, on relation of George H. Pew, against the district court of the first judicial district in and for the county of Lewis and Clark, and Honorable Henry C. Smith, judge of department 1 thereof, to review an order enjoining relator from using the waters of a creek for irrigation purposes.  Order annulled.

*Mr. Chas. E. Pew,* and *Mr. C. B. Nolan,* for Relator.

*Messrs. Galen & Mettler,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Certiorari.* In May, 1903, in a cause entitled *"William Allen Butler and Wilhelmus Mynderse* v. *Thomas Cassidy et al.,"* the district court of Lewis and Clark county made and entered a final decree settling and adjudicating the rights of all the parties to the use of the waters of Silver creek, in that county, and declaring their relative priorities. Among the other rights so adjudicated is one owned jointly by the plaintiffs and S. S. Johnson, one of the defendants, consisting of fifty inches, statutory measurement. The relator was not a party to the action, but being the tenant of plaintiffs, interested himself therein as their representative, and was active in their behalf. The decree contains this provision: "(2) And it is further ordered that each and every one of the parties to this action, his, her, or their heirs, assigns, lessees, tenants, subtenants, claimants, or occupiers of said several rights, their agents, servants, employees, legal or other representatives, be, and they are, hereby perpetually enjoined from in any wise invading, encroaching, or infringing upon or interfering with the rights of any and all of the other of said parties as the same are quieted and settled by this decree."

On April 16, 1906, Johnson filed in that cause in the district court the following affidavit: "S. S. Johnson, being duly sworn, says: That he is the owner of a joint water right with plaintiff of fifty inches of waters of Silver creek involved in the decree in this action; that ever since the opening of the season of 1906, one George H. Pew has persistently taken all of said water right, including the waters of this affiant, and when this affiant has gone to the head of the ditch to get his share of the water, the said Pew would always take the whole of the same immediately upon the return of this affiant to his home."

The court thereupon issued and had served an order requiring the relator to show cause at 4 o'clock that day why an order should not be made providing for the use of said joint water right by the owners thereof at different periods, respectively, so as not to interfere with each other, and why such further order should not be made in the premises as to the court might seem proper.   After a hearing the following order was entered:

"This matter came on regularly for hearing before the court on the affidavit of S. S. Johnson, and the order to show cause heretofore issued.   George H. Pew appeared in open court personally and by counsel. Whereupon S. S. Johnson, George S. Fryatt and W. H. Barnes appeared and gave testimony for the affiant, and the said George H. Pew testified in his own behalf, whereupon the court makes the following findings of fact: 1. That while the said George H. Pew disclaims any further interest or present interest in the plaintiffs' water right, he has for the last thirty days, under some absolutely unfounded claim, taken all of the waters of the said joint right of the plaintiffs and the said defendant S. S. Johnson, and in addition thereto a great volume of other water belonging to other water users on said creek from Silver creek, to none of which the said Pew has any title or any right thereto.   And it further appearing that the said plaintiffs and their lessees have passively allowed the said Pew to use all of said joint water right without protest and that the said S. S. Johnson has been deprived of his share of the same for the last thirty days, it is ordered that the said Johnson be, and he is hereby, given the right to use the whole of said joint right of fifty inches heretofore decreed to himself and the plaintiffs, continuously up to and including the morning of May 16, 1906, and that thereafter the plaintiffs may use the same until the twenty-third day of May, 1906, at 8 o'clock A. M. exclusively, and that thereafter the defendant, S. S. Johnson, and the plaintiffs shall use the said joint right respectively, alternately, week in and week out, commencing as aforesaid, until the further order of this court.   And it is further ordered that the said George H. Pew be, and he is here-

by, restrained and prohibited from directly or indirectly, personally, or through his servants or employees, or in any other manner using any of the waters of Silver creek, for irrigation purposes or otherwise.'' Thereupon this proceeding was brought in this court to have the order annulled.

The proceedings resulting in the order made by the court were anomalous. The decree in the case of *Butler et al* v. *Cassidy et al.* does not provide in terms how the right in controversy shall be used. It merely adjudges that the plaintiffs are entitled to a one-half interest and that Johnson is entitled to the other half interest. Though all the parties to the action, including their heirs, assigns, lessees, tenants, etc., are perpetually enjoined from in any manner invading or interfering with the rights of any of the other parties, there is no specific provision regulating the rights of the plaintiffs and the defendant Johnson, as ·between themselves, in the use of their joint right. But whatever may be the rights of these parties under the decree, and whatever may be its provisions adjusting their rights as between themselves, it is clear that the order complained of is in excess of jurisdiction.

If the relator had such connection with the litigation by which the rights of the parties were adjusted, as to make the decree binding upon him, the proper way for the court to enforce it was by contempt proceedings. The affidavit does not charge a contempt. It appears from the order made, that the relator disclaims any further interest ·in the plaintiffs' water right by virtue of a tenancy or any other relation. The court evidently proceeded upon the theory that he was a trespasser interfering with the rights of the parties as they had been settled and determined by the decree, and that the making of the order would restrain Pew from interfering in any way any further. However this may be, the order amounts to an independent injunction issued in the case, restraining Pew from interfering with any of the waters of Silver creek, no matter whether by a claim of some independent right not adjudicated in the decree, or as a mere trespasser without claim of any right. At the close of the hear-

ing the relator found himself enjoined from interfering with or using in any way any of the waters of the creek. In other words, the court adjudged that he was engaged in committing a trespass, and enjoined him in a summary proceeding, in a cause in which he was not a party, or, upon the theory that he claimed an independent right, finally and absolutely adjudicated that he had no such right, and that, too, upon summary notice of less than twenty-four hours. From either point of view the court had no jurisdiction. If the relator was a trespasser, he could be enjoined only after a hearing in a regular action, brought in the usual way. So, if he claimed an independent right, he was entitled to a regular hearing in an action brought for the purpose of adjudging his right. As it is, his rights were adjudged without due process of law.

There being no appeal from the order, nor any other adequate remedy than by *certiorari*, relator is entitled to a judgment annulling the order complained of. The order is accordingly annulled.

*Order annulled.*

Mr. Justice Holloway concurs.

Mr. Justice Milburn, not having heard the argument, takes no part in the foregoing decision.