DUNLAVEY, APPELLANT, *v.* DOGGETT ET AL., RESPONDENTS.

(No. 2,597.)

(Submitted December 21, 1908.   Decided January 30, 1909.)

[99 Pac. 436.]

*Water   Rights—Contempt—Attorneys'   Fees—Costs   of   Litigation—Not Recoverable.*

Contempt Proceedings—Purpose of.
  1.   The object of contempt proceedings is vindication of the authority of the court, and not indemnity for the plaintiff or any judgment in his favor.
Same—Attorneys' Fees—Costs of Litigation—Not Recoverable.
  2.   *Held,* that, in the absence of statute on the subject, attorney's fees and other expenses incurred by the owner of a water right in instituting and prosecuting to a successful determination a contempt proceeding for the violation of a decree of court settling his rights, are not recoverable as items in an action against the contemnor for damages proximately caused by his disobedience of the order.

*Appeal from District Court, Broadwater County; W. R. C. Stewart, Judge.*

ACTION by John Dunlavey against Jefferson Doggett and another for damages on account of interference with water rights. From a judgment on a verdict for defendants and from an order denying a new trial, plaintiff appeals.    Affirmed.

*Mr. Wm. Wallace, Jr., Mr. J. G. Brown, Mr. R. F. Gaines,* and *Mr. J. E. Kanouse,* for Appellant.

In the following cases attorney's fees have been declared proximate damages: *Tully* v. *Ganahl,* 90 Pac. 1049; *Bonesteel* v. *Bonesteel,* 30 Wis. 515; *Bank of Palo Alto* v. *Pacific Co. Cable Co.,* 103 Fed. 841; *Hancock* v. *Hubbell,* 71 Cal. 537, 12 Pac. 619; *Hubbard* v. *Gould,* 74 N. H. 25, 64 Atl. 668; *Roberts* v. *Heim,* 27 Ala. 678; *Cooper* v. *Cappee,* 29 La. Ann. 213; *Flack* v. *Neill,* 22 Tex. 253; *Noyes* v. *Ward,* 19 Conn. 250; *Cleveland etc. Ry. Co.* v. *Bartram,* 11 Ohio St. 457.

*Messrs. Walsh & Nolan,* and *Mr. E. H. Goodman,* for Respondents.

Citing on their contention that attorney's fees are not recoverable: *McDonald* v. *McConkey,* 57 Cal. 326; *Miller* v. *Kehoe,* 107 Cal. 340, 40 Pac. 485; *Spooner* v. *Cady* (Cal.), 44 Pac. 1019; *Murphy* v. *Mulgrew,* 102 Cal. 547, 41 Am. St. Rep. 200, 36 Pac. 857; *Oelrichs* v. *Williams,* 15 Wall. 211, 21 L. Ed. 43; *Dorris* v. *Miller,* 105 Iowa, 564, 75 N. W. 482; *Gates* v. *City of Toledo,* 57 Ohio St. 105, 48 N. E. 502; *Joslin* v. *Teats,* 5 Colo. App. 531, 39 Pac. 350; *Kelly* v. *Rogers,* 21 Minn. 152; *Jackson* v. *Poteet* (Tex. Civ. App.), 89 S. W. 980; *Clark* v. *Wolfe,* 115 Ga. 320, 41 S. E. 581; *Knefel* v. *Ahern,* 57 Ill. App. 568; *Henry* v. *Davis,* 123 Mass. 345; *Eatman* v. *New Orleans Pac. Ry.,* 35 La. Ann. 1018; *Haverstick* v. *Erie Gas Co.,* 29 Pa. 254; *Welch* v. *Northeastern Ry. Co.,* 12 Rich. (S. C.) 290; *Hoadley* v. *Watson,* 45 Vt. 289, 12 Am. Rep. 197; *Burruss* v. *Hines,* 94 Va. 413, 26 S. E. 875; *Fairbanks* v. *Witter,* 18 Wis. 287, 86 Am. Dec. 768;

*Winkler* v. *Roeder*, 23 Neb. 706, 8 Am. St. Rep. 155, 37 N. W. 607; 3 Am. & Eng. Ency. of Law, 446; 5 Ency. of Pl. & Pr. 228; 8 Am. & Eng. Ency. of Law, 673; 13 Cyc. 80.

MR. JUSTICE SMITH delivered the opinion of the court.

The amended complaint in this action alleges that the plaintiff is the owner of a certain water right in Confederate creek, Broadwater county, which has heretofore been decreed to him by the district court of Meagher county; that in the year 1905 the defendants wrongfully diverted the water from plaintiff's ditch, and deprived him of the ·use thereof, to his damage, in loss of crops, in the sum of $400. Plaintiff further alleges as follows: "Plaintiff further avers that he was further damaged by the said acts of defendants in depriving him of water to which he was lawfully entitled, in that in his efforts to obtain the water so withheld he on or about the 30th day of August, 1905, in the district court of Broadwater county, instituted contempt proceedings against the defendants herein, in a case entitled *State of Montana ex rel. John Dunlavey* v. *Jefferson Doggett and Gus E. Pool,* in which said contempt proceedings defendants herein were adjudged guilty of violating the restraining order of the court, which said restraining order was included in the said decree awarding the said water to plaintiff. The said order of the district court of Broadwater county adjudging defendants guilty of contempt of court was thereafter appealed by said defendants to the supreme court of the state of Montana and was by said court affirmed. Plaintiff in the prosecution of said contempt proceedings and in his efforts thereby to secure the water to which he was rightfully entitled necessarily incurred in attorney's fees, witness fees, court costs, and other expenses necessarily incident to a lawsuit an expense of four hundred and fifty dollars ($450)."

The court below in effect sustained a general demurrer to this so-called second cause of action by striking the same after demurrer sustained to substantially the same allegations in the original complaint, and refused to allow plaintiff to introduce

any testimony in support of it, although he offered to prove
that he necessarily expended the reasonable sum of $150 for at-
torney's fees in prosecuting the contempt proceedings in the
district court and $250 in successfully resisting, at the request
of the district court, a writ of review sued out of this court to
annul the judgment in the contempt proceedings (see *State ex
rel. Pool* v. *District Court*, 34 Mont. 259, 86 Pac. 798), and also
offered to prove that he necessarily paid a notary public the
sum of $18 for taking the deposition of a witness in the con-
tempt matter, and the further sum of $8 was expended by him
in going to the county seat to consult counsel as to what steps
should be taken to regain possession and the use of the water
taken by defendants. The cause went to trial on the so-called
first cause of action, and resulted in a general verdict in favor
of the defendants. From a judgment on this verdict and an
order denying a new trial, plaintiff has appealed.

The only question presented for review is whether the dis-
trict court was correct in holding, as a matter of law, that the
plaintiff could not recover the items of special damages which
he offered to prove. It is a somewhat novel question, and pre-
sents some difficulties. Indeed, the industry of counsel for
neither side has been rewarded by the discovery of one just like
it in the books. It is contended by the appellant that all of
these sums were necessarily expended in recovering the use of
the water, and should have been allowed as damages, by virtue
of sections 6068 and 6069, Revised Codes, which read as follows:

"Sec. 6068. For the breach of an obligation not arising from
contract, the measure of damages, except where otherwise ex-
pressly provided by this Code, is the amount which will compen-
sate for all the detriment proximately caused thereby, whether
it could have been anticipated or not.

"Sec. 6069. The detriment caused by the wrongful occupa-
tion of real property, in cases not embraced in sections 6070,
6076, and 6077 of this Code, or provided in the Code of Civil
Procedure, is deemed to be the value of the use of the property
for the time of such occupation, not exceeding five years next

preceding the commencement of the action or proceeding to enforce the right to damages, and the costs, if any, of recovering the possession.''

Counsel also quote section 6071, Revised Codes, which provides that the detriment caused by the wrongful conversion of personal property ''is presumed to be (2) a fair compensation for the time and money properly expended in pursuit of the property''; but we do not think this section is at all applicable to the case at bar. The following is a quotation from the appellant's brief: ''Under these statutes, if the expenditure claimed be a 'detriment proximately caused' by the willful and wrongful seizure of the plaintiff's water, it is expressly declared to be legally recoverable damage. Any outlay not regained is, of course, a 'detriment.' ''

The court is of opinion that proceedings for contempt are in no sense actions either for the wrongful conversion of personal property or for the wrongful occupation of real property. ''The object of the power to punish by process of contempt is to enforce obedience and respect to the authority of the court.'' (*In re MacKnight*, 11 Mont. 126, 28 Am. St. Rep. 451, 27 Pac. 336.) The proper way for a district court to enforce its order, theretofore made, adjusting water rights between claimants entitled thereto, is by contempt proceedings upon the filing of an affidavit showing a disregard of the order. (*State ex rel. Pew* v. *District Court*, 34 Mont. 233, 85 Pac. 525.) Contempt proceedings under the Code of Civil Procedure are *sui generis*, and have most, if not all, of the characteristics of a criminal case, and few, if any, of a civil action. (*State ex rel. Boston & Montana Con. C. & S. Min. Co.* v. *Judges*, 30 Mont. 193, 76 Pac. 10.) If the person proceeded against is found guilty, a fine may be imposed on him, not exceeding $500, or he may be imprisoned not exceeding five days, or both (Revised Codes, sec. 7318). And no additional penalty may be imposed. (*In re Sutton*, 26 Mont. 557, 71 Pac. 1132.) ''The proceeding in contempt is distinct from the action wherein the injunction violated was issued. Vindication of the dignity of the authority of the

court is the object to be attained in the matter, and not indemnity for the plaintiff in the civil suit. Judgment cannot go in favor of the plaintiff in the civil action had, unless authority to enter such a judgment exists by law. There is no statute granting such authority under the Codes. Nor was there power in the court to enter a judgment for costs. Statutory power to punish for contempt by fine and imprisonment for disobedience of an injunction order is limited by the manner in which the statute says the power shall be exercised. * * * The costs * * * must be paid from any fine imposed.'' (*State ex rel. Flynn* v. *District Court,* 24 Mont. 33, 60 Pac. 493.)

These contempt proceedings being *sui generis* and complete in themselves, it seems to follow that they cannot be changed by construction into actions for the wrongful conversion of personal property or for the wrongful occupation of real property, and consequently those statutes fixing the measure of damages in such actions have no application. When the dignity of the authority of the court has been vindicated, the proceeding has served its purpose. Moreover, those statutes refer in their terms to damages and costs which may be recovered in the same action, and it will probably not be contended that in such actions the defendant can be compelled to pay the plaintiff's attorney's fees. (13 Cyc. 80.)

The rule laid down in the case of *Plymouth Gold M. Co.* v. *United States Fidelity Co.,* 35 Mont. 23, 88 Pac. 565, is founded upon a statute commanding that, before a writ of attachment shall issue, the plaintiff must enter into a written contract with the defendant, conditioned that, if the defendant recover judgment or the court shall finally decide that the plaintiff was not entitled to an attachment, the plaintiff will pay all costs that may be awarded to the defendant, and all damages he may sustain by reason of the issuance of the attachment. (See Revised Codes, sec. 6659.)

The learned counsel for the appellant have called our attention to other cases in which recovery of counsel fees paid was allowed as damages proximately caused by the breach of duty

on the part of the defendants. We are not prepared to say, because it is not necessary, that cases may not arise wherein attorney's fees necessarily expended may not be recovered in a second action as compensatory damages, although we think of none at present save those expressly authorized by statute. What we do hold is that contempt proceedings do not furnish a remedy available to the plaintiff for the redress or prevention of a private wrong. While such proceedings may have the result of deterring the defendants from again interfering with plaintiff's rights, still the object to be attained is vindication of the dignity of the authority of the court, and not indemnity for the plaintiff or any judgment in his favor. (*State ex rel. Flynn* v. *District Court, supra.*)

Again, it is urged that because in practice contempt proceedings are always instituted at the expense of the owner of the water, he is the one primarily interested, and should be reimbursed for his expenditures in connection therewith. It is undoubtedly true that many owners do find themselves in an unfortunate situation when their water rights are violated; but this is a subject for the legislature to deal with.

We hold that, in the absence of a statute, such expenses cannot be recovered in this action. And this applies as well to the item of $8 as to the other sums, because it is impossible to read the amended complaint and the offer of proof without arriving at the conclusion that this sum was expended in furtherance of the same general purpose as were the other sums, to-wit, to get the defendants punished for contempt of court.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.