IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 92-011

PAT M. GOODOVER,

    Plaintiff and Respondent,

    -v-

LINDEY'S INC.

    Defendant and Petitioner.

ORDER
AND
OPINION

FILED

FEB 8 1993

CLERK OF ... COURT
STATE OF ... MONTANA

Lindey's has filed an application for a writ of review together with a memorandum requesting this Court to dismiss an order finding Lindey's in contempt. The order fined Lindey's $500 and imprisoned its chief executive officer for five days. The imprisonment was suspended to give Lindey's an opportunity to purge itself of contempt. Goodover has filed a response to the petition and Lindey's has filed a reply to the response. We issue the writ and vacate the order of contempt.

The issues are:

1. Did the District Court have authority to find Lindey's in contempt?

2. Did the District Court err in awarding Goodover attorney fees?

The court based the contempt order on its decree entered in the previous case of Goodover v. Lindey's Inc. (1988), 232 Mont. 302, 757 P.2d 1290, (Goodover I). That case involved the placement or staking of a monument which is the Northwest corner of Lot 1 and

1

the Northeast corner of Lot 2 of Seeley Lake Shore Sites. The court found that the true and correct boundary between Lots 1 and 2 had been reasonably retraced by Goodover's Exhibits No. 31 and 34. Certificate of survey No. 2351, Missoula County, therefore, should be amended to conform to such findings and conclusions and should reflect the corners and boundary line of Lots 1 and 2, as established by Goodover's Exhibit No. 34.

The judgment and decree reads as follows:

## JUDGMENT AND DECREE

IT IS THEREFORE ORDERED AND DECREED and this does order that Judgment and Decree be herein entered in favor of the Plaintiff, Pat M. Goodover, and against the Defendants, Lindey's, Inc., and Estate of William C. Forest, as follows:

I

The North-South boundary between Lot 1 and Lot 2, Seeley Lake Shore Sites, is established by Plaintiff's Exhibits 31 and 34, Martinson Survey - the northeast corner of Lot 2 is an inch and one-half pipe located approximately 5.5 feet east of Plaintiff's boathouse as shown on Plaintiff's Exhibits 31 and 34.

II

The Plaintiff was and now is the lawful owner in fee simple of Lot 2, Seeley Lake Shore Sites, Missoula County, Montana.

III

COS 2351 is amended to reflect the boundary lines and northeast corner of Lot 2, Seeley Lake Shore Sites, and lake frontage for Lot 2, Seeley Lake Shore Sites, consistent with Plaintiff's Exhibits 31 and 34.

IV

Plaintiff's damages are to be determined following the submission of evidence at hearing to be scheduled later for that purpose.

2

V

Plaintiff is awarded his costs of suit.

After the court issued this decree, there were supplemental proceedings concerning the removal of encroachments which is Goodover v. Lindey's Inc. (1990), 246 Mont. 80, 802 P.2d 1258, (Goodover II). This Court affirmed both Goodover I and Goodover II.

In Goodover II we rejected Lindey's assertions as an attempted relitigation of the boundaries established in Goodover I. When the second appeal was underway, a surveyor hired by Lindey's retraced the boundary lines of Lots 1, 3 and 5. The surveyor used as a monument location for the Northeast corner of Lot 2 or Northwest corner of Lot 1, a different corner than that found to be the true corner in Goodover I. The surveyor proposed and filed certificate of survey No. 3861 containing these erroneous corners and lines. The certificate of survey portrayed deviations from the retracement survey which this Court found to be true and correct in Goodover I.

Lindey's was cited for contempt for the filing of this certificate of survey. In answer to the contempt citation, Lindey's asked that the order to show cause be dismissed on the grounds that the decree did not order Lindey's to do or not to do any specific act, and therefore the filing of the certificate of survey was not a contemptuous act on its face. They also alleged that the surveyor, an independent contractor, filed the certificate of survey, and Lindey's could not be held liable or in contempt for the surveyor's acts.

3

Goodover contends that it is reasonable to inquire into the underlying dispute and issues to determine if the court's judgment is unclear or ambiguous. Goodover further contends that this can be done by reviewing the findings of fact, conclusions of law and decree.

There are two purposes of a contempt order--to vindicate the dignity of the court's authority and to persuade the contemptor to do what the law requires. Dunlevey v. Doggett (1909), 38 Mont. 204, 208, 99 P. 436, 437; 17 Am.Jur.2d Contempt § 130. "[D]isobedience of any lawful judgement, order, or process of the court" constitutes the only possible contemptuous behavior in this case. See § 3-1-501(e), MCA,

The pertinent part of the decree by order establishes the boundary line between the lots and also the monument of the Northeast corner of Lot 2. The decree further states that Goodover was the owner of Lot 2 and the plat was amended to be consistent with Goodover's Exhibits 31 and 34. Such decree established the boundaries, monuments and rights of ownership.

"Contempt proceedings . . . have most, if not all, of the characteristics of a criminal case and few, if any, of a civil action." Dunlevey 99 P. at 437. Normally violations of rights of ownership do not constitute contempt of court even though such rights have been ascertained and declared by judgment, unless such violations consist of doing something which was prohibited, or of failing to do something which was required, by the judgment. 17 Am.Jur.2d Contempt, § 130.

4

Goodover cites Walker v. Warner (1987), 740 P.2d 1147, 228 Mont. 162, to support his position that Lindey's filing of the certificate of survey constituted contempt. However, the case is not applicable to the present case. In that case, the district court's final judgment specifically ordered the parties to comply with the provisions of their agreement, whereas in this case the decree did not order the parties to do anything or not to do anything.

In another case, a water decree determined the relative water rights of parties of which the defendant was one. The defendant violated the decree by opening a headgate and using water needed by prior appropriators, and did so in direct violation of orders from the water commissioner. Zosel v. District Court (1919), 56 Mont 578, 580, 185 P. 1112, 1113. The court held such act constituted a prima facie violation of the decree and contempt of court. Zosel, 185 P. at 1113. This case, however, does not support Goodover because the water commissioner is an agent of the court. The defendant violated a direct mandate of the water commissioner and therefore was properly found in contempt. See § 85-5-406, MCA.

As stated above, the decree in the present case does not direct Lindey's to do or refrain from doing anything that is required by the judgment; it determines property rights. If there is no command, there is no disobedience. A person may not be held in contempt of court for violating an order, unless the terms of the order are definite, certain, and specific. See Mr. Steak, Inc. v. Sanquist Steaks, Inc. Minnesota (Minn. 1976), 245 N.W.2d 837,

5

838; Sellman v. Sellman (Md. 1965), 209 A.2d 61, 62.  In this case, supplemental orders would be necessary to form a basis for contempt.

We conclude that Lindey's did not violate a court order that would serve as a foundation for contempt.  Therefore, the court did not have the authority to find Lindey's in contempt.

If attorney fees were allowable in this case, it would not be proper to allow them here because Goodover was not the prevailing party.  The order finding Lindey's in contempt is vacated and set aside.  The action is dismissed and the award of attorney fees is reversed.

_____
Chief Justice

_____
_____
_____
_____
_____
Justices

6

February 18, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Paul Neal Cooley
Skelton & Cooley
101 E. Main
Missoula, MT 59802

John W. Larson
Attorney at Law
2806 Garfield, Ste. F
Missoula, MT 59801

Hon. Jack L. Green
District Judge
Missoula County Courthouse
Missoula, MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy