IN THE MATTER OF EMERY T. WOOD ON HABEAS
CORPUS.

*Contempts—Jurisdiction of court.*

| 82 | 75 |
|----|----|
| 136 | 625 |
| 82 | 75 |
| 149 | 2 34 |
| 82 | 75 |
| 152 | 2512 |

1. In this case the petitioner was arrested, and ordered to be detained and brought before the circuit court to answer for an alleged contempt *not* committed in the immediate view and presence of the court, without the misconduct which is alleged to constitute the contempt being proved to the satisfaction of the court by affidavit; and it is held that the court was proceeding without jurisdiction, and that the petitioner should be discharged.

2. The following general propositions are summarized from the opinion of Chief Justice CHAMPLIN:

*a*—The words "immediate view and presence," as used in How. Stat. § 7234 (subd. 1), are words of limitation, and exclude the idea of *constructive* presence. Such "immediate view and presence" does not extend beyond the range of vision of the presiding judge, and the term applies only to such contempts as are committed in the *face* of the court.

*b*—A circuit judge may take cognizance of his own knowledge of contempts committed during the sitting of the court, and in its "immediate view and presence," and may proceed to punish summarily persons guilty of such contempts, basing his action *entirely* upon his own knowledge.

*c*—Contempts *not* committed in the "immediate view and presence" of the court must be brought before it by the affidavits of the persons who witnessed them, or have knowledge of their commission; and a rule is entered, based upon such affidavits, either that an attachment issue, or that the accused show cause at a certain time and place why he should not be punished for the alleged contempt.

*d*—Under Art. 6, § 8, of the Constitution, and How. Stat. § 8577, the Supreme Court has authority to inquire into the justice or propriety of proceedings in contempt, whether before or after commitment, only so far as to ascertain whether the court below has jurisdiction, and is proceeding according to law. But the question of jurisdiction necessarily involves an inquiry whether the conduct alleged was in fact a contempt of the court, and committed under circumstances which authorize

it to proceed to punishment therefor, and whether the court is proceeding in the manner prescribed by law.

*Habeas corpus* proceedings. Submitted June 24, 1890. Order of discharge entered July 2, 1890.

*E. T. Wood,* in *pro. per., John G. Hawley, W. H. Russell,* and *E. F. Conely,* for petitioner.

*Jasper C. Gates* and *James V. D. Willcox,* for the people.

CHAMPLIN, C. J.   Wood presented his petition to this Court, setting up that he was imprisoned and restrained of his liberty by Harvey S. Millard, deputy-sheriff of the county of Wayne, at the city of Lansing, by virtue of a writ or process issued out of the circuit court for the county of Wayne, a copy of which is as follows:

" STATE OF MICHIGAN, ⎱ *ss.*
      County of Wayne,   ⎰

          " *In the Circuit Court for said County.*

" To the Sheriff or any Deputy-sheriff of Wayne County, Greeting:

" Whereas, it has been made to appear to said circuit court, by return of the officer duly made, that E. T. Wood was duly served with an order of said court citing him to appear before said court on Wednesday, the 4th day of June, 1890, at 9:30 o'clock A. M., to show cause why he should not be punished for contempt of court, and the hearing of said matter being continued until 2 P. M. of said June 4, at which time said respondent was ordered to appear in court, and E. T. Wood has made default in obeying the command of said order:

" Now, therefore, you, and each of you, are hereby commanded, in the name of the people of the State of Michigan, forthwith to apprehend said E. T. Wood, and bring him before the said court to be dealt with according to law; and you are further commanded to detain, in the manner prescribed by law, the said E. T. Wood, until he shall be discharged by said circuit court, and of this writ make due return.

"Witness the Honorable H. N. BREVOORT, Presiding Judge, on the 4th day of June, A, D. 1890.

"WM. P. LANE,

" Clerk of the Circuit Court for the County of Wayne.

"By WM. MAY, Dp. Clk."

The petitioner alleges that he is not imprisoned or detained by virtue of any process, judgment, decree, or execution specified in the eighth section of chapter 296, How. Stat. He alleges several causes why his imprisonment is illegal, viz.:

1. Because it does not appear in or by said writ or process that he was lawfully required to appear in person in the circuit court for the county of Wayne on the 4th day of June, A. D. 1890.

2. Because it does not appear in or by said writ or process that he had been guilty of any contempt of court, or that for any other reason the circuit court for the county of Wayne had any authority, power, or jurisdiction to make an order requiring him to appear before the court on the 4th of June, 1890, to show cause why he should not be punished for contempt of court.

3. Because such writ is void on its face, and without warrant of law.

The petition sets up further and other facts and proceedings which led up to the issuing of the writ, which will be referred to below so far as is necessary to an understanding of the case. We issued our writ of *habeas corpus*, and the officer made return that he had Mr. Wood in custody under the above-named writ. The return of the officer was traversed, setting up that the proceedings upon which the writ issued were without authority of law, and void. We thereupon adjourned the hearing, and ordered a writ of *certiorari* to issue to the circuit court for the county of Wayne; and return has been made to this writ which shows that, on May 29, 1890, said Emery T. Wood was adjudicated guilty of contempt of court, and the following order was entered upon the journal of said court:

"At a session of the circuit court for the county of Wayne, convened and held at the circuit court room, in the city of Detroit, on the twenty-ninth day of May, in the year one thousand eight hundred and ninety.

"IN THE MATTER OF EMERY T. WOOD, FOR CONTEMPT OF COURT.

"Present: Hons. H. N. BREVOORT, GEO. GARTNER, GEO. S. HOSMER, C. J. REILLY, Circuit Judges.

"Before Judge BREVOORT.

"It appearing to the court now here, from its own immediate view thereof, that Emery T. Wood hath been and is guilty of disorderly behavior in using language disrespectful to the court during its sitting, and in the immediate view and presence of the said court, and directly tending to interrupt its proceedings, that is to say, in using the following language:

"'With all due respect to your honor, I must say that when your honor chastises me from the bench, as your honor does now, and when you chastise me as you did when the pleadings came up, and when the public press sends out a report, and sets your honor upon the pedestal, and says I do not know how to draw a declaration, your honor has overstepped the mark, and not accorded me the justice I am entitled to in this court. It seems to me, while I cannot refrain from the feeling which takes possession of me while I am to be chastised, I must say that I have not been treated fairly in this case, and I have not been treated fairly in one or two other cases before your honor. Why it is, I cannot say. I am not aware that I have ever had any difficulty that your honor should carry into a case I am trying, and affect my client as well as myself. I say there are things that are discretionary with the court; but, if the court abuses his discretion, I have my remedy.'

"Wherefore, it is adjudged by the said court now here that the said E. T. Wood is guilty of a criminal contempt of the said court; and it is further ordered and adjudged that the said Emery T. Wood do pay to the people of this State a fine of twenty-five dollars within twenty-four hours, or that in default thereof he be committed to the county jail for the period of five days."

It appears in the showing before us that this fine was imposed in the forenoon; that, during the adjournment at noon, Wood delivered to the clerk, in his office in the

city hall, a certified check upon a bank for $25, upon the back of which was indorsed in his handwriting the following:

"This check is given in payment of an illegal and unjust fine imposed by the Honorable Henry N. Brevoort this 29th day of May, 1890, in court-room No. 2, circuit court, Wayne county, Mich., during the trial of the case of *Abie Brown by David Brown, next friend, v. Detroit City Railway.* I respectfully comply with the order of court, but herewith protest against the payment of said fine, as I insist there was no contempt of court, and no legal or just cause for the imposing of said fine, or the payment of said sum of money.

"E. T. WOOD.

"Detroit, May 29, 1890."

The clerk inclosed this check in his "short book," and carried it to the court-room, where it was seen and inspected by several persons, and among others by reporters of the newspapers, and it appeared in the public newspapers the next morning. It also came to the attention of the court, but not by any affidavit, who, upon inspection of the writing, and verbal information from the clerk of the manner he had acquired possession of it, caused the following order to be entered on May 31, 1890; the intervening day being a legal holiday:

"IN THE MATTER OF E. T. WOOD, FOR CONTEMPT OF COURT.

"Present: Hons. H. N. BREVOORT, GEORGE S. HOSMER, C. J. REILLY, Circuit Judges.

"Before Judge BREVOORT.

"In this matter it is ordered that E. T. Wood show cause on Monday, June 2, 1890, at 9:30 o'clock, why he should not be punished for contempt of court in having indorsed on a certain check words disrespectful to the court; said check having been paid into court as payment of a fine heretofore imposed on said E. T. Wood."

This order not having been served, another like order was entered on June 2, ordering Wood to appear on June

4, at 9:30 o'clock A. M. This order was served, and Wood appeared by attorney, and filed a written answer to the order to show cause. Judge Brevoort then announced that he was not satisfied with the excuses contained in the answer, and continued the matter until 2 o'clock, and notified Wood's counsel that Wood must be personally present at that time before the circuit court. Wood did not appear, and the judge then caused the following order to be entered:

"At a session of the circuit court for the county of Wayne, convened and held at the circuit court room, in the city of Detroit, on the 4th day of June, in the year one thousand eight hundred and ninety.

"IN THE MATTER OF EMERY T. WOOD, FOR CONTEMPT OF COURT.

"Present: Hons. H. N. BREVOORT, GEO. GARTNER, GEO. S. HOSMER, C. J. REILLY, Circuit Judges.

"Before Judge BREVOORT.

"In this matter, the respondent having been served with an order to show cause why he should not be punished for an alleged contempt of court at 9:30 A. M., and the hearing thereof having been continued until 2 P. M., and the counsel for respondent having been notified of such continuance, and the respondent not being present in court at said adjourned hour, it is ordered that an attachment issue for said respondent."

The statute is mandatory that no court or officer, on the return of any *habeas corpus* or *certiorari*, shall have power to inquire into the justice or propriety of any commitment for a contempt made by any court, officer, or body according to law, and charged in such commitment as thereinbefore provided.[1] The Constitution vests in this Court a general superintending control over all inferior courts, with power to issue writs of error, *habeas corpus, mandamus, quo warranto, procedendo,* and other original and remedial writs, and to hear and determine

[1] How. Stat. § 8577.

the same. Article 6, § 3. Under this section of the Constitution, and the statute above cited, we have authority to inquire into the justice or propriety of proceedings in contempt, whether before or after commitment, only so far as to ascertain whether the court or officer has jurisdiction, and is proceeding according to law. If the court or officer has jurisdiction, and is proceeding according to law, we can go no further. Commitments for contempts cannot be impeached for mere irregularity. The attack upon a judgment for contempt can go no further than to the power of the court to act in the given case. But the question of jurisdiction necessarily involves an inquiry whether the conduct alleged was in fact a contempt of the court, and committed under circumstances which authorize the court to proceed to punishment therefor; and it also involves the question whether the court is proceeding in the manner prescribed by law.

It was said by this Court in *Langdon v. Judges of Wayne Circuit Court,* 76 Mich. 367, that the—

"Courts of record in this State have inherent power to hear and determine all contempts of court which the superior courts of England had at the common law; and the statute has not undertaken to limit or prohibit their jurisdiction in the matter of contempts. The statutes are in affirmation of the common-law power of courts to punish for contempts, and, while not attempting to curtail the power, they have regulated the mode of proceeding, and prescribed what punishment may be inflicted."

Two classes of contempts are recognized by our statutes. One class is special, in chapter 255, How. Stat., section 7234 of which provides that—

"Every court of record shall have power to punish as for a criminal contempt persons guilty of either of the following acts, and *no others:*

1. Disorderly, contemptuous, or insolent behavior committed during its sitting, in its immediate view and pres-

ence, and directly tending to interrupt its proceedings, or to impair the respect due to its authority."

There are five other subdivisions in the section, but the offense charged against Wood is not embraced in them. Contempts under subdivision 1 of section 7234 are confined to those committed during the sitting of the court, and in its immediate view and presence. If it be admitted that the act charged against Wood in writing upon the back of the check was disorderly, contemptuous, or insolent behavior, it was not committed during the sitting of the court, in its immediate view and presence. While the court, under this statute, may be considered as sitting from the beginning of its session until the end thereof, yet the words "immediate view and presence" are words of limitation, and exclude the idea of constructive presence. The immediate view and presence does not extend beyond the range of vision of the judge, and the term applies only to such contempts as are committed in the face of the court. Of such contempts, he may take cognizance of his own knowledge, and may proceed to punish summarily such contempts, basing his action entirely upon his own knowledge. All other alleged contempts depend solely upon evidence, and are inferences from fact, and the foundation for the proceedings to punish therefor must be laid by affidavit. How. Stat. §§ 7236, 7258, 7259.

The method of procedure is entirely different in the two classes of contempts. A direct contempt, committed in the immediate view and presence of the court, will be noticed by the court, and, on its own motion, it will punish summarily in the mode pointed out by the statute. But those not committed in its immediate view and presence must be brought before the court by affidavit of the persons who witnessed them, or have knowledge of them; and a rule is made, based upon such affidavit, either that

an attachment issue, or that the accused show cause at a certain time and place why he should not be punished for the alleged contempt. How. Stat., above cited. See, also, 4 Bl. Comm. 286; 2 Hawk. P. C. 222; 1 Tidd, Pr. (4th Amer. ed.) 88, 478, 479; *In re Judson,* 3 Blatchf. 148; 6 Dane, Abr. p. 528, chap. 193, art. 28; 7 Id. pp. 307, 308, chap. 220, art. 4; *Com. v. Dandridge,* 2 Va. Cas. 408; *State v. Matthews,* 37 N. H. 450; *Crow v. State,* 24 Tex. 12. In the case under consideration, the fact was not made to appear by affidavit upon which the alleged contempt proceedings are predicated; and the court therefore obtained no jurisdiction either to order Mr. Wood to show cause, or to cause him to be arrested for the misconduct alleged. A person cannot be deprived of his personal liberty except in the mode pointed out by law.

We have refrained from expressing any opinion upon the question whether or not the alleged action of Mr. Wood relating to the writing upon the check constituted a contempt of court. We do not consider that question before us for decision upon this application. The facts material to our decision are that Mr. Wood has been arrested, and ordered to be detained · and brought before the court to answer for an alleged contempt not committed in its immediate view and presence, without the misconduct which is alleged to constitute the contempt being proved to the satisfaction of the court by affidavit. Clearly the court was proceeding without jurisdiction, and the petitioner should be discharged.

Many interesting questions were raised and argued upon the hearing, and supported by decisions of courts acting under different statutes and practice from our own; but, as they are not material to the disposition of the case under our practice and statutes, we shall not discuss them.

Let an order be entered discharging the petitioner from imprisonment.

The other Justices concurred.

