STATE EX REL. FLYNN, RELATOR, *v.* FIFTH JUDICIAL DISTRICT COURT ET AL., DEFENDANTS.

[No. 1466.]

[Submitted January 26, 1900.   Decided March 19, 1900.

*Contempt—Judgment—Fine—Costs Incurred by Complaining Witnesses—Injunction.*

1. A judgment against relator, imposing a fine and in addition costs to complaining witnesses in civil contempt proceedings for the violation of an injunction, is valid as to the fine, but void as to the costs imposed.
2. One guilty of a contempt of court by a willful disobedience of an injunction order lawfully issued, may be punished under the summary procedure provided for by the Code of Civil Procedure, or he may be dealt with under the Penal Code as for a misdemeanor.
3. When prosecuted under the Code of Civil Procedure, a contempt of court is in a sense a public offense, yet it is not one a prosecution for which is exclusively controlled by constitutional limitations circumscribing methods of prosecution of strictly criminal offenses.
4. Statutory power to punish for contempt by fine and imprisonment for disobedience of an injunction order, is limited by the manner in which the statute says the power shall be exercised.
5. Costs incurred in contempt proceedings must be paid from any fine imposed.

*Certiorari* by the State, on relation of Thomas Flynn, against the District Court of the Fifth Judicial District of Montana, in and for Beaverhead County, Hon. H. M. Parker, Judge, L. J. Price, Clerk, and others, to review a judgment in contempt proceedings against relator.    Judgment annulled.

*Messrs. Shober & Rasch*, for Relator.

MR. JUSTICE HUNT delivered the opinion of the Court.

*Certiorari* to the District Court of the Fifth Judicial District, to review a judgment of said court rendered in a contempt proceeding against Thomas Flynn, relator herein.

The affidavit of the relator sets forth that on July 17, 1899, a judgment was rendered against him in the district court in and for the county of Beaverhead, finding him guilty of willful contempt of court, by reason of relator's alleged violation of an order and decree of said court rendered on October 1, 1888, enjoining relator from interfering with the waters of the Blacktail Deer creek, in said county of Beaverhead, to which Peter Wilson and Thomas Wilson, the complaining witnesses in said contempt proceeding, were entitled under the terms of said decree of October 1, 1888.

The judgment rendered in the contempt proceeding is, so far as material, as follows: "And, after the introduction of testimony on behalf of plaintiffs and defendant, the court found the defendant, Thomas Flynn, guilty of willful contempt, and fined him in the sum of five hundred dollars and the costs of the prosecution, and directed that judgment be entered against him for costs, which amounts to the sum of $304.40, and that execution issue against the said defendant, Thomas Flynn, for the same.

"Wherefore it is hereby ordered, adjudged and decreed that the plaintiffs, Peter Wilson and Thomas Wilson, do have and recover of and from the said defendant, Thomas Flynn, the sum of three hundred four and 40-100 dollars, the costs necessarily and actually incurred by them in the prosecution of this action, and that execution issue therefor against the property of the said defendant."

Execution was issued on said judgment at the instance of said Wilsons, and levied on the property of relator, and the execution, with the sheriff's return thereon, which has been filed in this court by way of supplemental return, shows that the property levied upon was sold to satisfy the judgment for costs.

Section 2170 of the Code of Civil Procedure makes it a contempt of the authority of a court to disobey any lawful

judgment, order or process of the court. In case of any such contempt a method of procedure is laid down by statutes embraced in Title V of the Code of Civil Procedure. Under appropriate forms prescribed by Title V, relator herein was charged and taken before the district court, where there was an investigation; and it was subsequently determined that he was guilty of the contempt charged, and the judgment heretofore quoted from was entered against him under Section 2179 of the Code of Civil Procedure. A contempt of court punishable by fine or imprisonment, or both, is a public offense, under Section 15 of the Penal Code, which defines a crime or public offense as an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed upon conviction a punishment either of death, imprisonment, or fine, etc. One guilty of a contempt of court by willful disobedience of an injuntion order lawfully issued may be punished under the summary procedure provided for by Title V, *supra*, or he may be dealt with under the Penal Code as for a misdemeanor, under section 293, where a contempt of court is specifically made a misdemeanor.

The statutes of contempt of court in Montana were taken from California, where they have been examined and passed upon repeatedly. (*Ex parte Gould*, 99 Cal. 360, 33 Pac. 1112, 21 L. R. A. 751; *Cosby* v. *Superior Court*, 110 Cal. 52, 42 Pac. 460; *Schwarz* v. *Superior Court*, 111 Cal. 112, 43 Pac. 580; *McClatchy* v. *Superior Court*, 119 Cal. 419, 51 Pac. 696, 39 L. R. A. 691.) In *Ex parte Hollis*, 59 Cal. 408, followed in *Ex parte Gould*, *supra*, contempt of court is decided to be a public offense, punishable by indictment or information, as well as by the summary proceedings prescribed by the Code of Civil Procedure.

When prosecuted under the Code of Civil Procedure, a contempt of court is not to be regarded as a "criminal offense," to be prosecuted only by complaint, information or indictment, as laid down by Section 8, of Article III, of the State Constitution, but, rather, as a special proceeding of a criminal character—in that sense it is a public offense, yet it is not

one a prosecution for which is exclusively controlled by constitutional limitations circumscribing methods of prosecution of strictly criminal offenses. ( *Williamson's Case*, 26 Pa. St. 19.)

The proceeding in contempt is distinct from the action wherein the injunction violated was issued; vindication of the dignity of the authority of the court is the object to be attained by the matter, and not indemity for the plaintiff in the civil suit. Judgment cannot go in favor of the plaintiff in the civil action had, unless authority to enter such a judgment exists by law. (*In re Rhodes*, 65 N. C. 518.) There is no statute granting such authority under the Codes. Nor was there power in the court to enter a judgment for costs. Statutory power to punish for contempt by fine and imprisonment for disobedience of an injunction order is limited by the manner in which the statute says the power shall be exercised. (*Ex parte Robinson*, 19 Wall. 512, 20 L. Ed. 205; *Levan* v. *District Court* (Idaho), 43 Pac. 574.)

By Section 2910 of the Penal Code, all fines collected in any court, except police courts, must be applied to the payment of the costs of the case in which the fine is imposed, and after such costs are paid the residue must be paid to the county treasurer of the county in which the court is held. This statute is applicable; hence it follows that the costs herein incurred must be paid from any fine imposed, and that that portion of the judgment wherein the Wilsons were awarded costs is invalid and of no effect. (*People ex rel.* v. *Court of Oyer and Terminer*, 101 N. Y. 248, 4 N. E. 259.)

The court exhausted its power to impose pecuniary punishment upon relator when it fined him $500. The addition of $304.40 costs was in excess of the law, and as to such excess the judgment is void.

Our opinion is that the judgment imposing a fine for contempt was valid, but the judgment for costs is void, and that the acts and proceedings had and done thereunder must be annulled. It is so ordered.