ENTERPRISE FOUNDRY CO. v. IRON MOLDERS' UNION OF
NORTH AMERICA, LOCAL NO. 186.

1. APPEAL—SCOPE OF INQUIRY—CONTEMPT PROCEEDINGS.

The fact that an appeal, instead of certiorari, or, after commit-
ment, habeas corpus, is taken to review an order adjudging
appellant guilty of contempt in violating an injunction, will
not operate to enlarge the field of inquiry in this court be-
yond what it would be had the review been sought in the
proper way.

2. CONTEMPT—VIOLATION OF INJUNCTION—STATUTE.

Willful disobedience of an injunction restraining defendants
from interfering with complainant's employés is punishable
as a criminal contempt, under 1 Comp. Laws, § 1098, subd. 3.

3. SAME—JURISDICTION.

Proceedings to punish one of the defendants in a chancery suit
for violation of an injunction restraining interference with
complainant's employés examined, and *held*, that the court
had jurisdiction to issue the injunction, and to determine, in
the contempt proceeding, whether defendant was guilty of a
willful disobedience thereof.

Appeal from Muskegon; Sessions, J.  Submitted April
16, 1907.  (Docket No. 77.)  Decided July 1, 1907.

Bill by the Enterprise Foundry Company against the
Iron Molders' Union of North America, Local No. 186,
John Richardson, and others, to enjoin an unlawful in-
terference with complainant's business: On appeal of
John Richardson from an order adjudging him guilty of
contempt.  Dismissed.

On November 7, 1905, an injunction was issued out of
the circuit court in chancery for the county of Muskegon,
directed to certain labor unions and certain persons
named therein, among them the appellant, John Rich-
ardson.  It was served on said Richardson.  Later, in the
same month, but on what date the printed record does not

disclose (Supreme Court Rule 35), the complainants in the suit filed a petition, supported by affidavits, praying for a rule requiring said Richardson to show cause why he should not be punished for the willful violation of said injunction. An order to show cause was issued, and an answer filed, supported by the affidavit of said Richardson. Such proceedings were had, including the examination of witnesses in court, that on January 30, 1906, a judgment (and for this and the date of it we are obliged to go to the return filed in the office of the clerk of this court) was entered, the material portions of which read as follows:

"In the above-entitled matter the respondent John Richardson, having heretofore on, to wit, the 22d day of December, A. D. 1905, by and before the Honorable Fred J. Russell, then being circuit judge of the said county, been duly adjudged guilty of a criminal contempt of court, and the said John Richardson having been duly arrested by a bench warrant issued out of the said circuit court and brought before this court that judgment might be imposed upon him, and the said John Richardson having been brought before the bar of the court, * * * the court * * * doth find: * *. *

"3. That the evidence taken upon said hearing shows that said John Richardson was guilty of willful and criminal contempt of court in that the said John Richardson did on, to wit, the 20th day of November, 1905, attempt by persuasion and threats to compel one Julia A. Towne to cancel an arrangement and contract with the complainant, the Enterprise Foundry Company, and to induce her to not further furnish, prepare, or deliver to the said foundry company the meals and supplies necessary for the use of its nonunion employés, in violation of the contract which she had entered into with said foundry company.

"4. That said John Richardson, on, to wit, the 23d day of November, 1905, was guilty of a willful and criminal contempt of court in violating the injunction before issued out of said court by attempting by persuasion, denunciation, and intimidation to induce two of the employés of said Enterprise Foundry Company, to wit, Frank Anderson and William Tryon, to leave the employment of said foundry company.

"5. That said John Richardson was guilty of willful and criminal contempt of said court, in that he did on, to wit, the 23d day of November, A. D. 1905, in company with others of the said striking employés of said Enterprise Foundry Company, assault the said Anderson and Tryon upon the public streets of the city of Muskegon with an opprobrious name, to wit, 'Scab.' Therefore the objections alleged by the said John Richardson and his counsel are hereby overruled, and it is ordered, adjudged, and decreed, and this court, by virtue of the authority in it vested, doth order, adjudge and decree that the defendant John Richardson do pay to the register of this court for the people of this State within six days from this date a fine in the sum of $100, and, in default of the payment of said fine, the said John Richardson be committed to the common jail of the county of Muskegon until said fine be paid, but not exceeding a period of 30 days."

From this order and determination, the said Richardson claimed, and has taken, an appeal to this court, filing a bond, in which is recited the fact that on his application proceedings had been stayed for the purpose of such appeal. At the hearing appellant was not in court, and produced no testimony. It appears that the court first made an order reciting that said Richardson had been guilty of the several acts mentioned and set forth in the petition, that such acts constituted a willful violation of the injunction, and ordering "a bench warrant attachment" to issue, directed to the sheriff of the county, commanding him to arrest appellant and bring him before the court, that judgment might be pronounced. This order is dated, as shown by the return to this court, on December 22, 1905. The return indicates that the warrant issued and the judgment, herein set out in part, recites the fact that appellant was at the time judgment was entered in court.

It is contended that the circuit court was in error in finding appellant guilty:

"1. Because the proper practice in such case as established in this State was not followed. That interrogatories were not filed for defendant's benefit, as required by

such practice, although they were demanded and insisted upon by him. That the judgment of the circuit judge did not state of what the contempt consisted of which he was found guilty, and that said judgment was not in form or substance as is required by the statute.

" 2. Because there was, on defendant's part, no such violation of the preliminary injunction as would form a basis for contempt proceedings."

*Chamberlain & Walker*, for appellant.

*Cross, Lovelace & Ross* (*Turner & Turner*, of counsel), for appellee.

OSTRANDER, J. (*after stating the facts*). The practice pursued to obtain a review of the judgment has not been questioned by counsel. The fact that an appeal has been taken, instead of a writ of certiorari, or, after commitment, a writ of habeas corpus, by one or other of which methods review should have been sought, will not operate to enlarge the field of inquiry here. See *In re Wood*, 82 Mich. 75, 80, 81. What the petition and the accompanying affidavits brought to the attention of the court was the fact that appellant had willfully disobeyed the injunction. If he had, he was punishable as for a criminal contempt under 1 Comp. Laws, § 1098, subd. 3. It was the truth or falsity of this alleged fact which the court proceeded to investigate. Appellant was notified of the accusation, and given a reasonable time to make his defense. The proceeding was not instituted to enforce a civil remedy, or to protect the rights of a party to a civil action. The court had jurisdiction to issue the injunction, and to determine, in this proceeding, whether appellant was guilty of a willful disobedience thereof.

Neither the interlocutory order nor the judgment of the court are printed in the record, and counsel for appellant having asserted, in their brief, that they "had no means of discovering of what acts of commission or omission defendant has been convicted," this court might well be excused from attempting to learn whether

the acts of which appellant was convicted were forbidden by the injunction.   We have, however, as is above indicated, examined the return, and find that the court has convicted appellant specifically of acts forbidden by the injunction.

An order will be entered dismissing the appeal and remanding the record.

McALVAY, C. J., and MONTGOMERY, HOOKER, and MOORE, JJ., concurred.