STATE EX REL. BACORN ET AL., RELATORS, v. DISTRICT
COURT ET AL., RESPONDENTS.

(No. 5,737.)

(Submitted April 20, 1925.   Decided May 4, 1925.)

[236 Pac. 553.]

*Certiorari—Notaries   Public—Contempt—Deposition — Refusal
of Witness to Answer Questions—Affidavit—Insufficiency.*

Contempt—Proceeding Criminal in Nature—Affidavit—Contents—Intendments or Presumptions not Indulged.
  1.  A proceeding in contempt against a party to an action for refusal to answer questions as a witness before a notary public in taking his deposition for use by plaintiff in the action is criminal in its nature and entirely independent of the action itself; it must be instituted by affidavit which must state facts sufficient to disclose that a contempt has been committed, no intendments or presumptions in favor of its averments being permissible.
Same—Depositions—Refusal of Witness to Answer Questions Before Notary Public—What Affidavit must Contain.
  2.  Before a party to a civil action can subject his adversary to a contempt proceeding for refusal to answer as a witness under section 10645, Revised Codes, authorizing his deposition to be taken prior to trial, the questions must have been pertinent and legal, hence the affidavit charging contempt must so state and must also disclose that, *prima facie*, he has a cause of action and that the witness is in possession of facts pertinent to the matter in issue which he has refused to divulge after being served with a *subpoena*.
District Court will not Take Judicial Notice of Pleadings in Cause Other Than That Immediately Before It.
  3.  Courts will not take judicial notice of the contents of pleadings in any action other than the one immediately before it.
Same—*Certiorari*—Deposition—Refusal of Witness to Answer Questions—Affidavit—Insufficiency.
  4.  *Held,* on *certiorari* to review an order adjudging defendant in a civil action guilty of contempt in failing to answer as a witness before a notary public about to take his deposition at the instance of the plaintiff, that the trial court acted in excess of jurisdiction in the absence of a sufficient affidavit, it failing to set forth the nature or character of the action, thus rendering it impossible for the court to determine whether the witness should or should not have answered the questions propounded.

---

Contempt, 13 C. J., sec. 32, p. 26, n. 82, 86; sec. 80, p. 56, n. 79; sec. 88, p. 64, n. 77; sec. 89, p. 65, n. 85; p. 66, n. 94; sec. 172, p. 106, n. 52.
Evidence, 23 C. J., sec. 1920, p. 113, n. 40.

1.  See 6 R. C. L. 530, 531.
3.  See 15 R. C. L. 1114.

298   State ex rel. Bacorn *v.* District Court.   [Mar. T. '25

[73 Mont. 297.]

Original application for writ of *certiorari* by the State, on the relation of H. C. Bacorn and M. E. Sower, against the District Court of the Sixth Judicial District in and for Park County, and Ben B. Law, Judge of the Ninth District, presiding, to review an order adjudging relators guilty of contempt. Order annulled.

*Mr. J. E. Healey* and *Messrs. Gibson & Smith,* for ·Relators, submitted a brief; *Mr. Healy* and *Mr. Fred Gibson* argued the cause orally.

The affidavit is insufficient in that it does not set forth the complaint in the action in which the depositions were sought; it does not contain any extract therefrom, nor give the substance thereof, and does not even state the purpose or nature of the action. It does not state what issue is intended to be supported by the testimony of the witnesses, nor what matter is material, relevant or pertinent to any issue within the knowledge of the alleged contemnors. (18 C. J. 681, notes 94 and 95; *Hanke* v. *Harlow,* 83 Kan. 738, 112 Pac. 616; *State* v. *Broddus,* 245 Mo. 123, Ann. Cas. 1914A, 823, 149 S. W. 473.)

It will, no doubt, be argued that a deposition may be taken to support not only the actual existing issue, but a potential issue which may arise by subsequent denial of the allegations of a pleading, or by its amendment, and in support of this the California cases of *Gas & Electric Co.* v. *Superior Court,* 155 Cal. 30, 17 Ann. Cas. 933, 99 Pac. 359, *Kieble* v. *Superior Court,* 17 Cal. App. 720, 121 Pac. 412, and *Rossbach* v. *Superior Court,* 43 Cal. App. 729, 185 Pac. 879, will be cited in support thereof, but even if it be assumed that Montana would follow the rule announced in these cases (which have been decided since the adoption of our Codes, and are, therefore, not binding on our court), the rule is of no avail in this case.

The broad and seldom matched *subpoena duces tecum* shows that the purpose and intent of the plaintiff is to take from the defendant corporations all of their books and records; this intention is fully sustained and carried forward under the order to answer questions, not material questions, not pertinent questions, but questions without restraint, and this coercive measure is taken under the penalty of the fixing of the fine or imprisonment, upon the basis of the showing made in this unrestrained examination. The plaintiff is thus given the penalty of contempt as a means of forcing the defendants; and thus as to books and papers, and everything else, the demands of the plaintiff are made the basis of all judgment, for the plaintiff may say, and the court has said, "this matter may be relevant to some actual or potential issue, or pertinent to some inquiry under an amended complaint." That this is in violation of the constitutional rights of your relators requires no argument. (*State ex rel. Boston & Montana etc. Co. v. Court,* 30 Mont. 206, 76 Pac. 206; *State ex rel. Mendenhall* v. *Court,* 29 Mont. 363, 74 Pac. 1078.) The widespreading evils which may flow from such a procedure were recognized, fully considered and checked in *Kullman, Salz & Co.* v. *Superior Court,* 15 Cal. App. 276, 114 Pac. 589, and *Ex parte Clarke,* 126 Cal. 235, 238, 77 Am. St. Rep. 176, 46 L. R. A. 835, 58 Pac. 546.

*Mr. Henry C. Smith* and *Mr. Frank Arnold,* for Respondents, submitted a brief; *Mr. Smith* argued the cause orally.

In support of our contention that we had a right to take the depositions in question, we call the attention of the court to the following authorities: *Rossbach* v. *Superior Court,* 43 Cal. App. 879; *California etc. Co.* v. *Schiappa-Pietro,* 151 Cal. 732, 91 Pac. 593–598; *Long* v. *Straus,* 124 Ind. 84, 24 N. E. 664; *Kibbele* v. *Court,* 17 Cal. App. 720, 121 Pac. 412; *In re Rauh,* 65 Ohio, 128, 61 N. E. 701; *In re Foster,* 44 Vt.

570; *Doyle* v. *Wiley*, 15 Ill. 576; *Ex parte Livingston*, 12 Mo. App. 80; *Glenn* v. *Brush*, 3 Colo. 26; *Packard* v. *Hill*, 7 Cow. (N. Y.) 489.

The proceeding in contempt is a separate proceeding. (*State* v. *Harney*, 30 Mont. 193, 76 Pac. 10; *State ex rel. Flynn* v. *Court*, 24 Mont. 33, 60 Pac. 493; *Dunlavey* v. *Doggett*, 38 Mont. 204–208, 99 Pac. 436; *State* v. *Court*, 51 Mont. 195, 149 Pac. 973.)

A general statement of the acts or omissions constituting the contempt is sufficient. (*State* v. *Court*, 37 Mont. 191, 95 Pac. 953; *State* v. *Court*, 58 Mont. 276, 191 Pac. 772.)

In the district court the only question argued to Judge Law was the power of the court to compel the relators to give their depositions before the cause was at issue. We submit that this question is answered by· the plain words of the statute itself.

There are cases which hold that the question propounded must be material to the issue; but in the case at bar there was no issue; and in addition to that, the witnesses both refused, advisedly, to answer any questions at all; in effect they refused to give their depositions. The nature of their written objections filed with the notary disclose the reasons for their refusal. It was not on account of the immateriality of the questions. They gave the questioner no opportunity to propound any questions at all, material or immaterial, relevant or irrelevant.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On February 21 of this year, Charles T. Sacket made affidavit to the effect that there was then pending in the district court of Park county an ·action wherein he was plaintiff, and the Jardine Mining Company, the Jardine Gold Mining & Milling Company, H. C. Bacorn, M. E. Sower, Frederick Kennedy, Henry C. Stifel and F. W. Bacorn were

defendants; that summons had been served on all of the defendants excepting Kennedy and Stifel; that the defendants served had appeared in the action by demurrers, and that H. C. Bacorn and M. E. Sower resided in Park county. A copy of this affidavit and a notice that the depositions of H. C. Bacorn and M. E. Sower would be taken before Elbert F. Allen, a notary public, at his office in Livingston on March 16, were duly served. The notice stated that the depositions were to be used by the plaintiff upon the trial of the action entitled *Sacket* v. *Jardine Mining Co. et al.* On March 19, Mr. Sacket made and filed in court his affidavit reciting the foregoing facts and, in addition thereto, that subpoenas were duly issued and served; that H. C. Bacorn and M. E. Sower appeared before the notary at the time and place designated, were duly sworn and gave their names, but thereafter refused to testify further, submitting in writing their objections; and that the notary thereupon caused a true transcript of the proceedings before him to be certified and filed in the district court. When this affidavit was filed, the court caused a citation to be issued and served, requiring the witnesses to appear and show cause why they should not be punished for contempt. They appeared and moved to quash the citation, but the motion was overruled and each then entered a plea of not guilty. Testimony was introduced from which the court found them guilty, and to review that action a writ of *certiorari* was issued from this court, a return made thereto, and the matter argued and submitted for determination.

Section 10645, Revised Codes, provides: "The testimony of a witness in this state may be taken by deposition in an action at any time after the service of the summons or appearance of the defendant * * * when the witness is a party to the action," *etc.*

Section 9908 provides: "The following acts or omissions, in respect to a court of justice, or proceedings therein, are con-

tempts of the authority of the court:   *   *   *   Disobedience
of a subpoena duly served, or refusing to be sworn or answer
as a witness."

And section 10624 provides: "Disobedience to a subpoena, or
a refusal to be sworn, or to answer as a witness   *   *   *   may
be punished as a contempt by the court," *etc.*

A contempt proceeding of this character is criminal in its
[1]   nature and entirely independent of the civil action out of
which it arises (*State ex rel. Flynn* v. *District Court,* 24 Mont.
33, 60 Pac. 493; *State ex rel. Boston & Mont. etc. Co.* v. *Judges,*
30 Mont. 193, 76 Pac. 10; *Dunlavey* v. *Doggett,* 38 Mont. 204,
99 Pac. 436), and where, as in this instance, the alleged con-
tempt is not committed in the immediate presence of the court,
the proceeding to punish must be instituted by filing an affida-
vit.   (Sec. 9910, Rev. Codes; *Boston & Mont. etc. Co.* v. *Mon-
tana Ore Pur. Co.,* 24 Mont. 117, 60 Pac. 807.)   The affidavit
is, in fact, the complaint in the contempt proceeding.   It must
state facts sufficient to disclose that a contempt has been com-
mitted (*State ex rel. Rankin* v. *District Court,* 58 Mont. 276,
191 Pac. 772; *Berger* v. *Superior Court,* 175 Cal. 719, 15
A. L. R. 373, 167 Pac. 143), and no intendments or presump-
tions will be indulged in favor of its averments.   (*Frowley* v.
*Superior Court,* 158 Cal. 220, 110 Pac. 817.)

In this instance the contempt proceeding was initiated by
[2]   filing the Sacket affidavit of March 19, and the principal
contention made in behalf of the witnesses, is that it does not
state facts sufficient to constitute contempt.   It will be observed
from reading sections 9908 and 10624, above, that it is not
the mere refusal to answer questions which constitutes con-
tempt, but a refusal to answer as a witness.   Section 10673
provides: "A witness   *   *   *   must   *   *   *   answer all
pertinent and legal questions."   Section 10674 declares: "A
witness must answer questions legal and pertinent to the matter
in issue, though his answer may establish a claim against him-
self"; and section 10675 provides: "It is the right of a witness

to be protected from irrelevant, improper or insulting questions, and * * * to be examined only as to matters legal and pertinent to the issue." To answer as a witness, then, means to answer pertinent and legal questions, and it is the refusal to answer only such questions as are pertinent and legal which constitutes the contempt now under consideration (*In re Mac-Knight,* 11 Mont. 126, 28 Am. St. Rep. 451, 27 Pac. 336); hence it would seem to follow, as of course, that to charge a witness with contempt, the complaint (affidavit) in the contempt proceeding must disclose that the facts sought to be elicited from the witness are pertinent to the matter in issue.

To avoid the possible loss of material testimony consequent upon the delays which frequently occurred during the progress of litigation, the statute (sec. 10645, above) authorizes the deposition of a witness, who is a party to the action, to be taken at any time after service of summons or appearance of the defendant, even before the issues of fact have been made up. In other words, the phrase "matter in issue" (sec. 10674) is construed as synonymous with the "subject matter of the litigation" as disclosed by the complaint (*Kibele* v. *Superior Court,* 17 Cal. App. 720, 121 Pac. 412; 9 Jur. 404), and evidence which tends to prove any material allegation of the complaint is deemed "pertinent" within the meaning of the foregoing sections. (*San Francisco Gas Co.* v. *Superior Court,* 155 Cal. 30, 17 Ann. Cas. 933, 99 Pac. 359.)

But these statutes do not authorize mere fishing expeditions by a plaintiff who does not have a cause of action, but who indulges the hope that, by a compulsory examination of his adversary, he may discover facts upon which to base a cause of action. They take the place of the former proceeding for discovery which the chancery courts sanctioned in the exercise of their ancillary jurisdiction, but to obtain discovery in equity it was necessary for the plaintiff in his bill to disclose, at least *prima facie,* that he had a cause of action, that is, that he had a title to, or interest in, the subject matter; that he was entitled

to the discovery; and that it would not be useless. While it was not necessary that his cause of action should be beyond dispute, still if his bill negatived the existence of a cause of action, discovery was refused as a matter of course. This subject is treated at length in 1 Pomeroy's Equity Jurisprudence, fourth edition, sections 190–215, and a reference to the authority is sufficient here.

Reasoning from analogy, it appears manifest that, before one party to a civil action can subject his adversary to the pains and penalties of a contempt proceeding, he must disclose to the court which is to hear the proceeding, that he has a cause of action which he has attempted to state, though it may be stated defectively (*Clark* v. *Oregon Short Line R. R. Co.*, 38 Mont. 177, 99 Pac. 298), and that the defendant witness is in possession of facts pertinent to the matter in issue which he has refused to divulge after having been duly served with a subpoena.

The complaint (affidavit) in the proceeding before us sets forth that an action was and is pending in the district court of Park county, but it does not disclose the character of the action. Although the entire proceeding is before us, we do not know, and cannot know, whether Mr. Sacket's action is one for the recovery of damages for personal injuries or a suit to foreclose a mortgage; whether the subject matter of the litigation is an alleged libel, a conversion of personal property, a trespass upon realty or *ultra vires* acts of the officers of a corporation, and the court which adjudged these witnesses guilty of contempt was in no more favorable position than we are, unless it can be said that, by reason of the fact that the civil action was pending in the same court, that court could take judicial notice of the contents of the complaint in the action instituted by Sacket [3] against the Jardine Mining Company and others. But it is the general rule, under statutes similar to ours (sec. 10532, Rev. Codes), that a court will not take judicial notice of the contents of pleadings in any action other than the one imme-

diately before it. (5 Wigmore on Evidence, 2d ed., sec. 2579.) In some jurisdictions, however, a contempt proceeding is treated as a part of the civil action out of which it arises, or so nearly related to it that the courts in those jurisdictions take judicial notice of the pleadings and proceedings in the main action itself. In this state, however, the contempt proceeding is entirely independent of the action out of which it arises, hence the trial court was not aided by any knowledge of the character of the civil action which it may have assumed to possess.

The complaint (affidavit) herein does not disclose that the [4] plaintiff Sacket has any interest in the subject matter of the litigation, or that either of these witnesses possesses any information pertinent to the matter in issue.

We are not concerned here with a complaint (affidavit) which contains a general statement of the facts constituting the contempt (*State ex rel. Webb* v. *District Court,* 37 Mont. 191, 15 Ann. Cas. 743, 95 Pac. 593), but with one which fails to charge a contempt either generally or otherwise. It was the contention of these witnesses, at the time they were sworn, that the complaint in the civil action not only does not state a cause of action, but discloses that the plaintiff does not have a cause of action against the defendants who have appeared, or, in other words, that the complaint cannot be amended to state a cause of action against them. If this contention is well founded, it follows that these witnesses are not guilty of the contempt charged against them, and, in the absence of any statement as to the nature or character of the action, the trial court could not determine whether they should or should not have been required to give their testimony. The complaint (affidavit) does not state facts sufficient to constitute contempt, and the trial court exceeded its jurisdiction in trying the witnesses and adjudging them guilty. (*Crawford* v. *Piersc,* 56 Mont. 371, 185 Pac. 315; *Overend* v. *Superior Court,* 131 Cal. 280, 63 Pac. 372; *Hutton* v. *Superior Court,* 147 Cal. 156, 81 Pac. 409.)

In the brief presented on behalf of the witnesses complaint is made of the very sweeping character of a *subpoena duces tecum* which was issued and served, but this record does not disclose whether that writ was obeyed. It does not appear to have been considered in the contempt proceeding, at least the witnesses were not adjudged guilty for a failure to comply with it, but for their failure to testify. We deem it unnecessary to pass upon the question sought to be raised concerning it, but call attention to the comment made by the supreme court. of the United States in *Federal Trade Commission* v. *American Tobacco Co.,* 264 U. S. 298, 68 L. Ed. 696, 32 A. L. R. 786, 44 Sup. Ct. Rep. 336.)

The order adjudging the witnesses guilty of contempt is annulled.

*Order annulled.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.

Rehearing denied May 21, 1925.