# STATE EX REL. STAGG, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 5,961.)

(Submitted June 1, 1926. Decided June 22, 1926.)

[248 Pac. 213.]

*Contempt—Indirect Contempt—Lack of Jurisdiction—Prohibition.*

Prohibition—When Writ Does not Lie.
1. Where a matter is properly before the district court, neither it nor its judge can be prohibited from passing upon it; it is its plain duty to do so, and in disposing of it it may do so rightly or wrongly.

Same—When Writ may Issue.
2. If a trial court is without jurisdiction and for that reason a valid judgment cannot be rendered under any conceivable circumstances, the writ of prohibition may issue regardless of whether any other remedy is available.

Contempt—Direct and Indirect Contempt—Jurisdiction.
3. While under section 9910, Revised Codes of 1921, a contempt committed in the immediate view and presence of the court or judge, may be punished summarily, in the case of an "indirect" contempt—one committed without the immediate view and presence of the court—the court or judge acquires jurisdiction only by the filing of an affidavit or statement of the facts.

Same—Direct and Indirect Contempt—Definitions.
4. "Direct" contempt embraces all those contemptuous acts which may be committed while the trial of a case is actually in progress or during a recess after the trial has commenced and which tend to prevent or delay the resumption of the trial; while a "constructive" or "indirect" contempt includes all such acts as are committed when the court is not sitting but which tend by their operation to obstruct and embarrass or prevent the due administration of justice.

Same—Indirect Contempt—Filing of Affidavit Requisite to Jurisdiction.
5. *Held,* that the filing of an affidavit disqualifying a district judge from hearing a cause at issue but when the court was not in session for the purpose of hearing it, if contemptuous at all, was not a direct contempt as defined above, and therefore the court was without jurisdiction to try the contemnor in the absence of an affidavit or statement of the facts first filed.

[1]    Prohibition, 32 Cyc., p. 605, n. 34.
[2]    Prohibition, 32 Cyc., p. 604, n. 32.
[3]    Contempt, 13 C. J., sec. 88, p. 64, n. 77.
[4]    Contempt, 13 C. J., sec. 3, p. 5, n. 10; sec. 4, p. 5, n. 12.
[5]    Contempt, 13 C. J., sec. 42, p. 32, n. 75 New; sec. 88, p. 64, n. 77.

1.    See 22 R. C. L. 20.
3.    See 6 R. C. L. 531.
4.    See 6 R. C. L. 491.

Original application for writ of prohibition by the State, on the relation of John A. Stagg, against the District Court of the Second Judicial District of Silver Bow County and William E. Carroll, Judge of Department 2 thereof. Peremptory writ issued.

*Messrs. Emigh & Bourquin,* and *Mr. A. G. Shone,* for Relator, submitted a brief; *Mr. J. P. Emigh* and *Mr. Shone* argued the cause orally.

*Mr. John T. Andrew,* and *Mr. F. E. Blodgett,* for Respondents, submitted a brief; *Mr. Blodgett* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Original application for writ of prohibition on relation of John A. Stagg against the District Court of the Second Judicial District in and for Silver Bow County and Hon. William E. Carroll, Judge of Department 2 thereof. Writ ordered issued.

In April, 1926, on relation of John A. Stagg and another, Hon. George Bourquin, Judge of Department 1 of the District Court of the Second Judicial District, caused to be issued an alternative writ of mandate to a justice court of said county, returnable on May 1. On April 30th the justice named filed motion to quash the alternative writ and an affidavit disqualifying said judge, whereupon Judge Bourquin continued the matter to May 8 and designated Hon. W. E. Carroll, judge of department 2 of said court, to act in his stead. On May 8 Judge Carroll, presiding in Department 1, announced that he did not think he cared to assume jurisdiction of the matter, and thereupon "continued" the hearing to May 15. On May 14 Stagg, either personally or through his counsel, filed in the office of the clerk of the court

his affidavit of disqualification against Judge Carroll. On May 15 Judge Carroll again opened court in Department 1, whereupon he was advised of the filing of the affidavit and motion was made in open court to strike the same from the files. This motion was by the court taken under advisement, and hearing on the motion to quash the writ was continued to May 19th. Stagg was not present. After continuing the hearing, Judge Carroll caused a citation to issue commanding Stagg to appear before him on May 19 and show cause why he (Stagg) should not be adjudged guilty of contempt of court for the filing of the affidavit mentioned. On May 19 Stagg challenged the jurisdiction of the court in the contempt proceeding by written objections filed and by motion to quash the citation, both of which were overruled without argument, whereupon Stagg entered a plea of ''Not guilty,'' and refused to make any showing. Judge Carroll then announced that he would take judicial notice of all matters in connection with the filing of the affidavit and take the matter under advisement; he advised Stagg that notice would be given him within ''a day or two,'' when he should appear before the court for judgment. This application resulted.

On May 20 an alternative writ of prohibition was issued out of this court, returnable June 1, on which date the respondent court and judge appeared by counsel and moved to quash the alternative writ. Both sides filed briefs, and, after oral argument, the matter was submitted for our decision.

1. While other reasons why the writ should issue are urged, [1] only the question of the jurisdiction of the respondent court will be considered, for, if the matter is properly before that court, ''neither the court nor judge can be prohibited from passing upon it.'' ''It is its plain duty to do so; it is within its jurisdiction to dispose of the matter 'rightly or wrongly.' '' (*State ex rel. Heinze* v. *District Court,* 32 Mont. 394, 80 Pac. 673; *State ex rel. Boston, etc.,*

*Co.* v. *District Court,* 22 Mont. 220, 56 Pac. 219; *State ex rel. Cornue* v. *Lindsay,* 24 Mont. 352, 61 Pac. 883.)

2. If, on the other hand, it appears from the record that [2] the respondent court is without jurisdiction, and for that reason a valid judgment cannot be rendered under any conceivable circumstances, the writ applied for may issue, regardless of whether any other remedy is available. (*State ex rel. Lane* v. *District Court,* 51 Mont. 503, L. R. A. 1916E, 1079, 154 Pac. 200; *State ex rel. Marshall* v. *District Court,* 50 Mont. 289, Ann. Cas. 1917C, 164, 146 Pac. 743; *State ex rel. Wooten* v. *District Court,* 57 Mont. 517, 9 A. L. R. 1212, 189 Pac. 233; *State ex rel. Board* v. *Jackson, District Judge,* 58 Mont. 90, 190 Pac. 295; *State ex rel. Horgan* v. *District Court,* 69 Mont. 167, 224 Pac. 239; *State ex rel. Thibodeau* v. *District Court,* 70 Mont. 202, 224 Pac. 866.)

3. It is contended that the court is without jurisdiction to [3] proceed, for the reason that no affidavit or statement setting forth the facts alleged to constitute the contempt was filed with the court as a basis for the issuance of the citation. This contention raises the question as to whether the filing of an affidavit, if contemptuous, constituted a direct or an indirect contempt. Section 9910, Revised Codes of 1921, provides that: "When a contempt is committed in the immediate view and presence of the court, or judge at chambers, it may be punished summarily * * * [otherwise] * * * an affidavit shall be presented to the court or judge of the facts constituting the contempt, or a statement of the facts by the referees or arbitrators, or other judicial officer."

A contempt committed without the immediate view and presence of the court is an "indirect" contempt of which the court acquires jurisdiction only by the filing of the required affidavit or statement. (*State ex rel. Gemmel* v. *Clancy,* 24 Mont. 359, 61 Pac. 987; *In re Mettler,* 50 Mont. 299, 146 Pac. 747; *State ex rel. Rankin* v. *District Court,* 58 Mont. 276,

191 Pac. 722; *State ex rel. Bacorn* v. *District Court,* 73 Mont. 297, 236 Pac. 553.)

A note found at page 220 of 17 Ann. Cas. on cases construing the phrase "in the presence of the court" declares that: "In the federal courts and in New York, North Dakota, and Wyoming the rule is laid down that a contempt committed in any place set apart for the use of any constituent part of the court, during a session of the court, is committed 'in the presence of the court.' " Cited in support of this declaration is the case of Savin, Petitioner, 131 U. S. 267, 33 L. Ed. 150, 9 Sup. Ct. Rep. 699 [see, also, Rose's U. S. Notes], decided under section 725, Revised Statutes of the United States (U. S. Comp. Stats., sec. 1245) which declares the power of federal courts to punish "for any misbehavior * * * in the presence of the said court, or so near thereto as to obstruct the administration of justice." The contempt there considered was an attempt made, while the court was proceeding with the trial of a case, to prevent a witness in attendance and held in the jury-room from testifying against a defendant then on trial in the courtroom. It was held that this attempt constituted a contempt committed "in the presence of the court" within the meaning of the above statute, and, in passing upon the sufficiency of the proceedings had, the court said: "Where the contempt is committed directly under the eye or within the view of the court, it may proceed 'upon its own knowledge of the facts, and punish the offender, without further proof, and without issue or trial in any form,' (*Ex parte Terry,* 128 U. S. 289, 309, 32 L. Ed. 405, 9 Sup. Ct. Rep. 77 [see, also, Rose's U. S. Notes]; whereas, in cases of misbehavior of which the judge cannot have such personal knowledge and is informed thereof only by the confession of the party, or by the testimony under oath of others, the proper practice is, by rule or other process, to require the offender to appear and show cause why he should not be punished. (4 Bl. Com. 286.)

But this difference in procedure does not affect the question as to whether particular acts do not, within the meaning of the statute, constitute a misbehavior in the presence of the court." It was then held that, under the federal statute, no formal accusation of contempt was necessary in either instance, and, with reference to the proceedings for "indirect" contempts, "all that is necessary for their validity is that * * * notice should be given to the offender and an opportunity afforded him for explanation and defense," citing *Randall* v. *Brigham*, 7 Wall. (U. S.) 523, 19 L. Ed. 285 [see, also, Rose's U. S. Notes].

This decision indicates a distinction between contempts committed "in the presence of the court" and in the "immediate view" of the presiding judge, and is hardly in point, owing to the radical difference between the statute under which it was rendered and our section, which requires a formal charge in such cases, and under which it is held that, unless such accusation is duly filed, the court acquires no jurisdiction. (See cases cited above.)

In New York it is held that the "court" consists of more than the judge upon the bench, and that the courtroom, the jury, and jury-room are as well constituent parts of the court while a trial is in progress, and therefore that contemptuous conduct which interferes with the deliberations of the jury in the jury-room constitutes a contempt in the "immediate view and presence of the court." (*People* v. *Barrett*, 56 Hun, 351, 9 N. Y. Supp. 321.)

In *Steube* v. *State*, 2 Ohio Dec. 216, *Id.*, 3 Ohio Cir. Ct. 383, it was held that an assault upon the district attorney, committed during a recess of the court and at some distance from the courthouse, which incapacitated him from continuing the prosecution of a case then on trial, constituted a contempt in the presence of the court, upon the theory that any act which is calculated to impede, embarrass, or obstruct the court in the trial of a case is considered done in the pres-

ence of the court; and upon the same theory it has been held in Illinois that a publication calculated to influence the court in a matter then being heard, constitutes a contempt in the presence of the court. (*People* v. *Wilson,* 64 Ill. 196, 16 Am. Rep. 528.)

In Michigan and Nevada the rule is announced that only such contempts as are committed within the ocular view or range of vision of the court are committed in the presence of the court. (*In re Wood,* 82 Mich. 75, 45 N. W. 1113; *Ex parte Hedden* 29 Nev. 352, 90 Pac. 737.) In the *Wood Case* the offense consisted of delivering a written statement amounting to a contempt to the clerk of the court during the noon recess of the court. This was held an indirect and not a direct contempt.

The underlying distinction between direct contempt and [4] constructive or indirect contempt is that the first embraces all those contemptuous acts which may be committed in the presence of the court, under either of the above definitions of that phrase, while the trial of a case is actually in progress, or during a recess of the court after the trial has commenced and which tends to prevent or delay the resumption of the trial; while the second includes all such acts as are committed when the court is not sitting, but which tend by their operation to obstruct and embarrass or prevent the due administration of justice. (*Stuart* v. *People,* 3 Scam. 395.)

While the filing of an affidavit in a cause at issue, but [5] when the court is not in session for the purpose of hearing that cause, may cause the court to pause, on the commencement of such hearing, long enough to determine whether such affidavit was filed within time and to pass upon a motion to strike it from the files, and to this extent tends to obstruct or embarrass the administration of justice, such an act cannot be said to be committed ''in the immediate view and presence of the court,'' if it can be said to be contemptuous.

It is therefore apparent that, as the proceeding required by the statute in cases of constructive or indirect contempt was not followed, the court was without jurisdiction to proceed, and is without jurisdiction to enter judgment under any conceivable circumstances.

For the reasons stated, the motion to quash the alternative writ is overruled, and a peremptory writ of prohibition directed to issue.

*Peremptory writ issued.*

MR. CHIEF JUSTICE CALLAWAY, and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.